Joy C. Vogel (also known as: Red Vogel and R. Vogel) v. Commissioner.
Vogel v. Commissioner
Docket No. 79740.
United States Tax Court
T.C. Memo 1962-251; 1962 Tax Ct. Memo LEXIS 57; 21 T.C.M. (CCH) 1331; T.C.M. (RIA) 62251; October 26, 1962
*57 Held, that the statute of limitations does not bar assessment of the tax because no return was filed by petitioner for the year 1947. Held, further, that petitioner had no taxable income in 1947; therefore, the deficiency and additions to tax determined by the Commissioner were erroneous. Wentworth T. Durant, Esq., for the petitioner. Robert I. White, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax for the year 1947 in the amount of $2,508 and additions to tax under the Internal Revenue Code of 1939 for said year in the amount of $2,282.28. The deficiency is due to the following adjustments made by the Commissioner: *58 Net income disclosed by return.. None filed Additional income and unallowable deduction: (a) Income
$11,000.00
Total
$11,000.00
Non-taxable income and addi-
tional deduction: (b) Standard deduction
500.00
Net income adjusted
$10,500.00
The adjustments are explained in the deficiency notice as follows: (a) It has been determined that you realized taxable income from Cornhusker Company, Inc. in the *59 amount of $11,000.00 which you did not report for Federal income tax purposes. (b) You have been allowed the standard deduction as provided by section 23(aa) of the Internal Revenue Code of 1939; this allowance is in lieu of all itemized deductions. To these adjustments petitioner assigned appropriate assignments of error in his original petition and in support thereof alleged facts as follows: (a) Petitioner was married during the year 1947 to Gertrude L. Vogel and had one son. (b) During the year 1947 petitioner suffered serious business losses, the taxable results of which were disclosed in his tax return for the year 1947 prepared and filed by the taxpayer for that year. (c) Such return correctly reported petitioner's losses incurred during the year 1947 and was filed by him with the Collector of Internal Revenue at New York, New York. (d) Petitioner had no taxable income to report during the calendar year 1947. By an amendment to his petition, petitioner pleaded the statute of limitations as follows: (c) Attempting to assert a deficiency against Petitioner as to the year 1947, since such year is barred by limitations under Section 275 of the Internal Revenue Code *60 of 1939. Findings of Fact Petitioner Joy C. Vogel resides in Tucson, Arizona. Prior to 1948 he was in business in New York City, doing business under the trade names, among others, of Joy Wear Uniforms and Joy Manufacturing Company. Cornhusker Company, Inc., sometimes hereinafter referred to as Cornhusker, was a Nebraska corporation organized at petitioner's instance. It was organized prior to 1948. Cornhusker was organized so that petitioner could conceal his identity while selling his assets and collecting on a mortgage he had received from a bankrupt mortgagor. The record does not disclose the amount of its capital stock nor who were its stockholders. At the time it was organized, among other assets, petitioner transferred piece goods to Cornhusker. Piece goods are raw materials consisting of bolts of woven fabrics. Cornhusker neither processed nor per formed any manufacturing operation upon the piece goods. Its sole use of the piece goods was to dispose of them after petitioner had transferred the piece goods to the corporation. During the year 1947, Cornhusker had a president, a vice president, a treasurer, and other employees. Petitioner, during 1947, worked for Cornhusker; *61 the record does not disclose what, if any, compensation he received for services rendered. During 1947, petitioner received moneys from Cornhusker; the record does not disclose for what these moneys were received. Petitioner's general testimony was that the moneys which he received from Cornhusker in 1947 represented a return to him of money which he had previously advanced to the corporation or in payment of piece goods which he had transferred to Cornhusker and none of it represented income to him. Sam Umans was a certified public accountant who had been employed prior to 1948 by petitioner doing business as Joy Wear Uniforms in New York. The records maintained by the district director of internal revenue for the Manhattan District, New York, New York, show that an income tax return was filed by petitioner for the year 1946. However, by the time of the trial of this case in 1962, that return had been destroyed in accordance with routine destruction procedures. The records of that office disclose that no return other than a "tentative return" was filed by petitioner for the year 1947. A copy of this tentative return is in evidence in this proceeding and was signed and dated March 12, 1948, by *62 Sam Umans and petitioner Joy C. Vogel. This return consists of a standard 4-page Form 1040 at the top of which the words "TENTATIVE RETURN" are typed. The section containing the name, address, and occupation at the top of page 1 of the return shows: Name
JOY C. VOGEL
Address
58 Worth Street
New York, N. Y. N. Y.
Occupation
Work Clothing Manufacturer On line 6 of page 1 of this Form 1040, to the right of the printed words "YOUR INCOME," the word "(LOSS)" has been inserted. Then, on line 7 of page 1 of Form 1040 the word "NONE" has been inserted to the right of the printed words "Enter your tax from table on page 4, or from line 12, page 3." Other than the typewritten answers indicating that a 1946 return had been filed with the collector's office for the third district of New York and that his wife was not making a separate return for the year 1947, nothing (other than the signatures of Umans and petitioner and the date after Umans' signature) appears upon the four pages of the Form 1040. On March 31, 1947, an Information was filed in United States District Court for the Southern District of New York charging petitioner with 33 counts of violating the priority *63 rules provided in 50 U.S.C., App., section 633. On May 28, 1948, petitioner entered a plea of guilty to these 33 counts. On June 4, 1948, petitioner was convicted and was sentenced to pay a fine of $10,000 within one year from that date. By the end of 1949, no payment had been made on the $10,000 fine and on January 27, 1950, a bench warrant was issued for petitioner's arrest by the United States District Court for the Southern District of New York. Petitioner was arrested by the Federal Bureau of Investigation in Riverside, California, on February 1, 1950, and was arraigned before the United States Commissioner. On February 20, 1950, he paid the $10,000 fine in full and on February 24, 1950, was released from jail. On June 28, 1948, petitioner was called to testify in the bankruptcy proceeding of "Donald B. Norris d/b/a Associated Buyers and Jobbers" then pending in the United States District Court for the District of Minnesota. Petitioner in that proceeding testified under oath, "No, I have never had a financial interest in Cornhusker." Petitioner was indicted and charged with three counts of perjury in the United States District Court for the District of Minnesota as a result *64 of his statement about Cornhusker and two other statements made under oath in this same bankruptcy proceeding. On March 28, 1951, petitioner was convicted on his plea of nolo contendere of the crime of perjury and was sentenced to serve 3 years in a Federal penitentiary by the United States District Court for the District of Minnesota. Petitioner had a loss from his business operations in 1947 in New York City which was more than sufficient to offset any income which he received from Cornhusker. Opinion BLACK, Judge: In his brief petitioner argues the following issues: 1. The statute of limitations had run against Respondent before the Notice of Deficiency for 1947 was issued. 2. Petitioner realized no income from Cornhusker's distribution to him in 1947. 3. Petitioner's net operating losses for 1947 offset any income he might otherwise have received. Issue 1 It is manifest that the statute of limitations has run and bars the deficiency if petitioner did in fact file a return in 1948 for the year 1947 as he claims. Petitioner did file on March 12, 1948, what was designated as a "tentative return." A copy of this return is in evidence and we have examined it closely. *65 The director of internal revenue for the district of New York has certified that it is the only return for 1947 that the records of his office show was filed for that year. Our Findings of Fact show what was contained in that return. Mertens Law of Federal Income Taxation, Vol. 10, section 57.14 reads as follows: § 57.14. - Tentative Returns. The filing of a tentative return by a taxpayer who obtains an extension of time for the filing of the required return does not ordinarily start the running of the statute of limitations. n25 However, whether a socalled "tentative" return starts the limitation period running depends upon the completeness of the return. n26 If in fact the return is sufficiently complete to permit the Commissioner to compute and determine the tax, it should start the statute even though it is labeled "tentative." n27 This distinction has not always been fully appreciated in the decisions; it is founded upon the basic consideration that the statute should starting running when the Commissioner has substantially complete information. [Footnotes omitted.] Manifestly, the return in the instant case designated "tentative return" did not disclose to the Commissioner *66 sufficient information to start the running of the statute of limitations. It merely stated that in 1947 petitioner had a loss and owed no tax - that was all; no figures were given. Petitioner does not contend that this so-called tentative return was sufficient to start the running of the statute of limitations. He does contend, however, that following the socalled tentative return he filed another return which disclosed full information and disclosed a loss in 1947 of between $175,000 and $180,000 and that he claimed such loss as a carryback to 1946 and 1945 in order to get a refund for those years. Petitioner had no copy of this return which he claimed to have filed and none was introduced in evidence. We have carefully considered all the evidence in this case including the testimony of petitioner and the certificate of the district director of internal revenue of New York and we conclude that the only return filed by petitioner for the year 1947 was the so-called tentative return which the district director was able to locate and produce - it plainly was not sufficient to start the running of the statute of limitations. We, therefore, hold in favor of the Commissioner on this *67 issue as to the statute of limitations. Issues 2 and 3 We shall consider these two issues together. Petitioner states them in his brief as follows: 2. Petitioner realized no taxable gain as a result of the distribution from Cornhusker, Inc. 3. Petitioner sustained losses in 1947 sufficient to offset any taxable distribution from Cornhusker, Inc. After a careful consideration of all the facts we are convinced that in 1947 petitioner received a cash distribution from Cornhusker; in fact, we do not understand that petitioner disputes that he received such a distribution. He contends, however, that it was merely a return to him of money which he had previously contributed to the corporation, either in cash or goods, and did not represent taxable income. The facts, however, on that point are not clear. Whether it was a distribution to petitioner in liquidation of his capital stock interest in Cornhusker, or whether it was a repayment of loans which he had made to the corporation, or whether in payment of piece goods he had transferred to the corporation, or whether it was compensation which he received from the corporation in payment for his services, is not made clear by petitioner's *68 testimony. No books and records of Cornhusker were introduced in evidence; petitioner claims that none are in existence. However, assuming as we do that the whole $11,000 which petitioner received from Cornhusker in 1947 represented taxable income to him in one way or the other as the Commissioner has determined, we think petitioner has established that he had losses from his New York City business in 1947 which were more than sufficient to offset any taxable distribution which he received from Cornhusker in that year. The record establishes to our satisfaction that petitioner was in business in New York City during the year 1947 as a work clothing manufacturer and that in such business he incurred a considerable loss. Petitioner claims his loss was between $175,000 and $180,000. We make no attempt to make a finding of fact as to how much net operating loss petitioner really incurred in 1947 from his New York clothing manufacturing business. We are convinced, however, that it was more than sufficient to offset any income which he may have received from Cornhusker and we have made a finding of fact to that effect. Thus, he would have no taxable income for 1947 and there could be no *69 deficiency. We realize, of course, that petitioner was convicted of perjury in the United States District Court of the State of Minnesota upon his plea of nolo contendere and was sentenced to 3 years in the penitentiary. Section 7453 of the Internal Revenue Code of 1954 reads as follows: The proceedings of the Tax Court and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Tax Court may prescribe and in accordance with the rules of evidence applicable in trials without a jury in the United States District Court of the District of Columbia. Section 14-305 of the District of Columbia Code 1961 Edition reads as follows: § 14-305. Conviction of crime not to disqualify witness - Conviction may be shown - How proved. No person shall be incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of crime, but such fact may be given in evidence to affect his credit as a witness, either upon the cross-examination of the witness or by evidence aliunde; and the party cross-examining him shall not be concluded by his answers as to such matters. *70 In order to prove such conviction of crime it shall not be necessary to produce the whole record of the proceedings containing such conviction, but the certificate, under seal, of the clerk of the court wherein such proceedings were had, stating the fact of the conviction and for what cause, shall be sufficient. * * * We have permitted respondent full opportunity to show the conviction of petitioner in the United States District Court of the State of Minnesota for perjury because he had testified in a bankruptcy case that he had no financial interest in the Cornhusker Company. We also realize that this conviction of petitioner for perjury affects his credibility as a witness. We are not unmindful of this rule of evidence and in coming to our conclusion that petitioner did have a loss in 1947, we have given it full consideration. We think there is some corroboration of his testimony in the record as to the year 1947 being a year of loss. We feel convinced, taking all the evidence into consideration, that petitioner had no net income in 1947 but, on the contrary, he had a loss in that year, after giving effect as income received to any distribution which he may have received from *71 Cornhusker. On this issue we hold in favor of petitioner. As to the additions to tax determined by the Commissioner in his deficiency notice under the 1939 Code, the Commissioner has already conceded that there is no addition to tax for fraud under Section 293(b). He has also conceded that there is no addition to tax because of underestimation of tax under Section 294(d)(2). Inasmuch as we have decided that petitioner had no net income in 1947 and the deficiency which the Commissioner determined against him for that year was erroneous in its entirety, there can be no additions to tax under Sections 291(a) and 294(d)(1)(A). Decision will be entered for the petitioner.